The Honorable Jean Schodorf State Senator, 25th District 3039 Benjamin Court Wichita, Kansas 67204
Dear Senator Schodorf:
You request our opinion regarding the legality of placing automatic teller machines (ATMs) in licensed retail liquor stores. You question whether it makes a difference that such machines are not actually offering any product for sale, but rather are providing only a service.
K.S.A. 41-308(b) provides as follows:
 "The holder of a retailer's license shall not sell, offer for sale, give away or permit to be sold, offered for sale or given away in or from the premises specified in such license any service or thing of value whatsoever except alcoholic liquor in the original package, except that a licensed retailer may:
 "(1) Charge a delivery fee for delivery to a club, drinking establishment or caterer pursuant to subsection (a);
 "(2) sell lottery tickets and shares to the public in accordance with the Kansas lottery act, if the retailer is selected as a lottery retailer;
 "(3) include in the sale of alcoholic liquor any goods included by the manufacturer in packaging with the alcoholic liquor, subject to the approval of the director; and
 "(4) distribute to the public, without charge, consumer advertising specialities bearing advertising matter, subject to rules and regulations of the secretary limiting the form and distribution of such specialities so that they are not conditioned on or an inducement to the purchase of alcoholic liquor."
This statute clearly prohibits licensed retailers from selling, offering to sell, giving away, or allowing another to sell, offer to sell or give away, anything of value or any service other than alcoholic liquor in the original package. The only exceptions to this rule are those listed in paragraphs (1) through (4) of subsection (b), or elsewhere in the statutes.[1]
To implement and administer K.S.A. 41-308(b), the Division of Alcoholic Beverage Control has promulgated K.A.R. 14-13-13(l), which states:
 "A retailer shall not permit any other person to use the licensed premises for the purpose of carrying on any business activity other than the sale of alcoholic liquor."
In 1970, the Kansas Supreme Court construed the term "any service" as used in K.S.A. 41-308(b) when determining whether the refrigeration of beer by a retailer constituted a prohibited service.[2] Because the statutes did not define the term and because the parties to the suit cited it as the authority used by the agency to find that refrigeration was not permitted, the Court initially discussed K.A.R. 14-3-15[3] as limiting the term's meaning. That regulation, and its successor K.A.R.14-13-13(g), speak in terms of "gifts, prizes, premiums, rebates, or similar inducements." The Court initially reasoned that because refrigeration was not in the nature of a gift, prize, premium or rebate, it was not precluded as being "any service." Ultimately, however, reading the statute in the context of the entire Liquor Control Act,[4] the court concluded as follows:
 "From a careful analysis of 41-308, supra, in the light of other sections of the Liquor Control Act, which we have mentioned, we believe a retailer, when licensed, is given the right to sell any beer falling within the definition of 41-102(3), supra, and lawfully packaged in an original container. A right which, in the absence of legislative direction to the contrary, could not be impaired as to some beer because it required refrigeration. Since no distinction or classification as to type of beer is made by any provisions of the Act, it must follow that the storage of beer under conditions of controlled refrigeration was not considered by the legislature to amount to `any service' or `thing of value,' within the contemplation of those terms as used in 41-308. If the legislature had intended otherwise it would have been a simple matter to say so either by distinguishing between types of beer or by a flat prohibition as to refrigeration. Since the legislature chose not to do so, it is not the court's prerogative to question its wisdom in this regard, nor is it within the director's authority to legislate such a prohibition by means of regulations and memoranda. (State ex rel. Londerholm v. Columbia Pictures Corporation, 197 Kan. 448, 417 P.2d 255.)
 "When the policy of the state is declared by legislative enactment, we must assume the legislature was fully aware of all relative facets of the subject concerned. In the instant case in determining the intention of the legislature in authorizing the sale of beer by a licensed retailer, under the conditions prescribed in 41-308, supra, we must assume that it was aware that draught beer required constant refrigeration and that the quality of all beer was subject to deterioration by exposure to light, heat and variations in temperature."[5]
We believe the latter discussion to be the actual holding in the case and therefore do not feel bound by the dicta indicating that the only types of services prohibited by K.S.A. 41-308 are those that are similar to the inducements listed in K.A.R. 14-13-13(g). In any event, K.S.A.41-308 and the Division's regulations have been significantly amended subsequent to the Court's decision in Willcott. Most notable among these amendments were the Legislature's addition of a specific exception to K.S.A. 41-308 allowing refrigeration or chilling of wine and, at a later date, any alcoholic liquor,[6] the exception for charging a delivery fee for delivery of liquor to other licensees,[7] the exception for sale of lottery tickets,[8] and the exceptions allowing retailers to include in the sale of liquor any goods included by the manufacturer in packaging the liquor and to distribute free consumer advertising specialties.[9] Clearly the Legislature intends the terms "any service" and "thing of value" to mean more than just inducements similar to gifts, prizes, premiums or rebates.
In Attorney General Opinion No. 91-72, this office discussed the meaning of "any service" in the context of the Director's authority to further define the term by regulation. The opinion found that, as used in K.S.A. 41-308, the term "lacks concrete definition but logically prohibits acts done to assist or benefit the consumer." The opinion concluded that while the Director may adopt regulations to define the term, such regulations must conform to "the obvious legislative intent to curtail those items given to a consumer and those services provided to a consumer." Absent further definition by statute or lawfully crafted regulations, "licensed retailer's can only provide the service of selling lottery tickets and charging a fee for delivery to a club, drinking establishment, or caterer. No other service whatsoever is allowed."
Based on these authorities, it is our opinion that K.S.A. 41-308(b) presently prohibits the placement of an operable ATM in a licensed retail liquor store. A licensed retailer may neither directly offer the service an ATM provides, nor allow another to offer that service in or from the licensed premises.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
CJS:JLM:jm
[1] See, e.g., K.S.A. 41-308(c), (d).
[2] Willcott v. Murphy, 204 Kan. 640 (1970).
[3] Revoked May 1, 1988, now codified at K.A.R. 14-13-13(g).
[4] Willcott, 204 Kan. at 643.
[5] Id. at 647-648.
[6] L. 1971, Ch. 173, § 1(b); L. 1992, Ch. 169, § 1(d).
[7] L. 1987, Ch. 182, § 18(b).
[8] L. 1987, Ch. 292, § 25(c).
[9] L. 1992, Ch. 169, § 1(b)(3), (4). See also K.A.R. 14-10-11(b) and 14-13-13(g).